OPINION
Appellant David E. Toney appeals a judgment of the Holmes County Court convicting him of theft (R.C. 2913.03(A)(2)):
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1: THE JURY VERDICT FINDING APPELLANT GUILTY OF THEFT UNDER ORC 2913.02(A)(2) WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. 2: THE JURY VERDICT CONVICTING APPELLANT OF THEFT UNDER ORC 2913.02(A)(2) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. 3 THE SENTENCE OF THE COURT WAS AN ABUSE OF DISCRETION.
In January of 2000, appellant was living with his girlfriend, Trina Hahn. Hahn had rented a surround sound amplification unit from Rent-Way. On January 24, 2000, appellant went to Rent-Way and transferred the rental agreement into his name. He made four payments, and then defaulted on the payments. After attempts to contact appellant failed, Rent-Way contacted the police.
The Millersburg Police Department retrieved the equipment from the home of Michael Heath. Michael Heath had known appellant for about five years, as Heath's ex-girlfriend is appellant's cousin, and Heath's ex-wife dated appellant's brother. Heath was attempting to sell his 1986 Oldsmobile Calais. Appellant was interested in the car, and traded the surround sound unit which he had rented from Rent-Way to Heath for the car. While Heath believed the exchange occurred in March, the signature on the transfer of title was notarized on January 18, 2000. The stereo unit was recovered from Heath on March 27, 2000.
Appellant was charged with theft, a misdemeanor of the first degree. The case proceeded to jury trial in the Holmes County Court. Appellant was convicted as charged, and sentenced to 180 days incarceration. He was fined $500, and ordered to pay restitution in the amount of $600 to Rent-Way and $500 to Michael Heath.
 I
Appellant first argues the judgment of conviction is not supported by sufficient evidence. Sufficiency is a test of adequacy of evidence. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. A conviction based on legally insufficient evidence, constitutes the denial of due process. Id.
Appellant argues that the State could not prove that the crime occurred on or about January 24, 2000, as charged in the complaint, as he received title to the automobile six days prior to this time. First, the complaint charges that the crime occurred on or about January 24, not on January 24. The evidence further reflects that regardless of the name on the rental agreement, the piece of equipment had been in the residence appellant shared with his girlfriend, as she was the prior renter of the equipment. The fact that his name did not appear on the rental contract with Rent-Way until January 24 does not preclude a finding that he exchanged the equipment for the car prior to that date. Further, while the title work reflects that Heath's signature was notarized on January 18, the record is unclear as to the exact date the exchange of items occurred.
Appellant also argues the judgment is not supported by sufficient evidence, as the certificate of title says the car is a gift. However, Heath testified that the word "gift" on the title is not in his handwriting, and he did not know appellant well enough to give him a car. Heath's testimony was unequivocal that he had traded the car for the stereo equipment. When the equipment was recovered from Heath, it was determined to be the unit which appellant had rented from Rent-Way. The judgment is not against the sufficiency of the evidence.
The first assignment of error is overruled.
 II
Appellant argues that the judgment is against the manifest weight of the evidence. When a court of appeals reverses a judgment on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a thirteenth juror, and disagrees with the fact finder's resolution of conflicting testimony. Id. at 387. The court, reviewing the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. Id. The discretionary power to grant a new trial shall be exercised only in the exceptional case in which the evidence weighs heavily against conviction. Id.
Appellant argues the judgment is against the manifest weight of the evidence for essentially the same reasons he claimed the judgment is against the sufficiency of the evidence. Heath testified that he traded the car for the stereo equipment which the police ultimately recovered from Heath, and determined to be the equipment appellant had rented from Rent-Way. Joe Lawrence, from Rent-Way, testified that appellant signed a delivery receipt for the stereo equipment on January 24, 2000, and ceased making payment on February 18, 2000. The judgment is not against the manifest weight of the evidence.
 III
Appellant argues that the court abused its discretion in sentencing him to 180 days incarceration and fining him.
Appellant first argues that the court should have ordered a pre-sentence investigation. However, the record reflects that when the court proceeded to sentencing immediately after the jury returned with its verdict, appellant did not request a pre-sentence investigation. Any error is therefore waived.
Appellant also argues that the court did not consider the factors found in R.C. 2929.22, which the court is required to consider in determining whether to impose imprisonment, or a fine, or both.
Where the sentence imposed by the trial court is well within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory criteria listed in R.C.2929.22 in the absence of an affirmative showing that it failed to do so. State v. Trail (October 4, 2001), Richland Appellate No. 01-CA-12, unreported. The statute does not require the trial court to state on the record that it has considered the criteria, nor does the statute require the court to discuss the criteria. Id.
In the instant case, we find nothing in the record to demonstrate that the trial court did not consider the criteria. We therefore must presume the trial court considered the appropriate factors. As appellant concedes the sentence is within the statutory parameters, appellant has not demonstrated an abuse of discretion.
The third assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court is affirmed. Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur.